IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARYANA ZUBKO and VOLODYMYR DEKA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 17-CV-04391 ) |
| AEROMÉXICO, | ) Judge John J. Tharp, Jr. ) ) |
| Defendant. | ) |

**ORDER**

For the reasons provided in the statement below, the Court grants in part defendant Aeroméxico's motion to dismiss [10] and dismisses any claims under Articles 17 and 22 of the Montreal Convention. The Court also grants Aeroméxico's motion for a more definite statement [10]. The plaintiffs are given leave to file an amended complaint by August 27, 2018. The amended complaint must omit references to EU 261 and its requirements and must otherwise comply with the rulings of this order. See statement below for details.

**STATEMENT**

**I.    Background**[1]

Plaintiffs Maryana Zubko and Volodymyr Deka are Chicago residents. Aeroméxico[2] is a foreign air transportation carrier based in Mexico. Zubko and Deka purchased from Aeroméxico round trip flights for a vacation to Mexico in 2016. Their departing flight from Chicago to Puerto Vallarta, Mexico was scheduled to leave on December 25, 2016, with a connecting stop in Guadalajara, Mexico. Their return from Puerto Vallarta to Chicago was scheduled for January 1, 2017, with another connecting stop in Guadalajara. The plaintiffs' December 25 flight from Chicago was delayed several hours and as a result, the plaintiffs missed their connecting flight in Guadalajara. They were rebooked on another flight from Guadalajara to Puerto Vallarta that left several hours later. Zubko and Deka arrived in Puerto Vallarta almost 24 hours later than they expected, and they missed a full day of their pre-planned and pre-paid vacation. Their return flights to Chicago on January 1 were also delayed. Their departure from Guadalajara was more than three

---

[1] For the purposes of resolving Aeroméxico's motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiffs' complaint. *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 290 (7th Cir. 2016).

[2] In their complaint, the plaintiffs name the defendant as "Aeromexico." In its motion to dismiss, the defendant is named as "Aerovías de México, S.A. de C.V. (Aeroméxico)." For purposes of this Order and Statement, the Court will refer to the defendant as "Aeroméxico."

hours late. As a result, they arrived in Chicago later than they expected and missed one day of their employment.

The plaintiffs suffered economic damages because of the delays. They were forced to purchase food, water, and medication, and lost one day of their pre-paid vacation. In addition, the plaintiffs lost wages due to the delay of their return flight to Chicago. Zubko and Deka also experienced physical discomfort, exhaustion, fatigue, stress, dehydration, vomiting, and physical inconvenience.

In June 2017, the plaintiffs brought this action for damages under the Montreal Convention (the "Convention"), a multilateral treaty that governs international air carrier liability. *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780-81 (7th Cir. 2008). The Convention was signed by the United States in 1999 and took effect in September 2003 after it was ratified by the United States Senate.[3] *Id.*

**II.    Analysis**

Aeroméxico moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss any claims based on Articles 17 and 22(6) of the Montreal Convention. The airline also seeks a more definite statement of the plaintiffs' claims under Rule 12(e) and requests an order requiring Zubko and Deka to file an amended complaint.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" if the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need only provide a "short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When evaluating the sufficiency of a complaint, the court must construe the complaint in the light most favorable to the nonmoving party, accept all well-pleaded facts as true, and draw all inferences in the nonmoving party's favor. *Berger*, 843 F.3d at 290.

In its motion to dismiss, Aeroméxico concedes the delay of the two flights at issue and acknowledges liability under Article 19 of the Convention for the plaintiffs' provable economic damages arising from those delays. Article 19 provides for carrier liability "for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Convention for the Unification of Certain Rules for International Carriage by Air art. 19, May 28, 1999, S. TREATY DOC. NO. 106-45. The air carrier argues that the Court should dismiss any claims brought pursuant to Article 17 of the Convention, however, which provides for carrier liability for "damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death

---

[3] Because the Convention is a treaty of the United States, it creates a federal cause of action; a claim under the Convention presents a federal question sufficient to invoke federal jurisdiction. *Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 385-86 (E.D.N.Y. 2010).

or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Convention for the Unification of Certain Rules for International Carriage by Air art. 17, May 28, 1999, S. TREATY DOC. NO. 106-45. It is unclear whether the plaintiffs intended to plead an Article 17 claim, but Aeroméxico construes the complaint's various allegations of physical injuries as claims for damages under Article 17.

In their complaint, Zubko and Deka do not allege that any accident took place on board a plane or while they were embarking or disembarking a plane. They allege only that their flights were delayed. Accordingly, to the extent the complaint seeks relief under Article 17, such claims are dismissed for failure to plead sufficient facts in support of an Article 17 claim.

Aeroméxico also argues more generally that any claims for physical and emotional injuries should be dismissed because they are not available under Article 19. As noted above, Article 19 creates liability for damages resulting from flight delays. Convention for the Unification of Certain Rules for International Carriage by Air art. 19, May 28, 1999, S. TREATY DOC. NO. 106-45. Article 29 of the Convention limits those damages available by providing that, in any action for damages under the Convention, "punitive, exemplary or any other non-compensatory damages shall not be recoverable." *Id.* at art. 29. Furthermore, federal courts have ruled that Article 19 allows for recovery of economic damages only and does not permit compensation for non-economic damages. *See Kogan v. Scandinavian Airlines Sys.*, 253 F. Supp. 3d 1022, 1027 (N.D. Ill. 2017) ("Article 19 of the Montreal Convention permits recovery for provable economic damages, but not emotional or physical injuries.") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1170 (11th Cir. 2014); *Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d 798, 807 (N.D. Ill. 2016)); *Adler v. Frontier Airlines*, No. 15 C 03430, 2017 WL 2214982, at *2-3 (N.D. Ill. May 19, 2017) (dismissing with prejudice non-economic injury claims because plaintiffs cannot recover damages for such injuries under the Convention); *Dochak*, 189 F. Supp. 3d at 807 ("Although the Seventh Circuit has not considered the question, Courts in other circuits have held that Article 19 permits the payment of economic damages from a delayed flight but disallows compensation for emotional loss, physical injury, or inconvenience.") (collecting cases); *Vumbaca v. Terminal One Grp. Ass'n L.P.*, 859 F. Supp. 2d 343, 367 (E.D.N.Y. 2012) ("Courts in the Second Circuit have found that Article 19 only applies to '*economic* loss occasioned by delay in transportation.'") (collecting cases).

Here, the complaint alleges that Zubko and Deka suffered a variety of injuries due to the flight delays. Some of the plaintiffs' alleged injuries are clearly economic in nature, such as the loss of an entire day of a pre-paid vacation in Puerto Vallarta; expenses for food, water, and medication; and the loss of wages. These alleged damages are recoverable under Article 19 and are sufficient to support a plausible Article 19 claim. *See Adler*, 2017 WL 2214982, at *2-3 (complaint's allegations of lost wages, missed pre-paid sight-seeing, and out-of-pocket expenses for food, transportation, lodging, beverages, and medication are economic damages recoverable under the Convention); *Dochak*, 189 F. Supp. 3d at 807-08 (expenses caused by a flight delay such as the cost of food and lodging and the loss of wages are economic compensatory damages that can be recovered under the Convention). To recover for their other alleged injuries, however, the

3

plaintiffs will need to establish that those injuries resulted in economic loss.[4] *See Adler*, 2017 WL 2214982, at *2-3; *Serpytiene v. United Airlines, Inc.*, No. 1:15-CV-00832, Doc. #93 at 6 (N.D. Ill. Aug. 3, 2016) (holding that plaintiff's injuries must result in economic loss to be recoverable under Article 19). Because the complaint alleges some economic injuries that are sufficient to state a claim under Article 19, the Court, at this early stage in the litigation, will not dismiss specific allegations regarding injuries that ultimately may not be recoverable under the Convention.

Aeroméxico also seeks to dismiss the plaintiffs' claims for attorney's fees under Article 22(6) of the Convention, which provides: "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest." Convention for the Unification of Certain Rules for International Carriage by Air art. 22, May 28, 1999, S. TREATY DOC. NO. 106-45. This provision "does nothing more than authorize courts to apply their own domestic law regarding the availability of fees when a party requests costs and fees." *Dochak v. Polskie Linie Lotnicze LOT S.A.*, No. 15 C 4344, 2017 WL 2362570, at *2 (N.D. Ill. May 30, 2017). *See also Bytska v. Swiss Int'l Air Line, Ltd.*, 15-CV-483, 2016 WL 6948375, at *2 (N.D. Ill. Nov. 28, 2016) ("By its plain terms, then, Article 22(6) allows a court to apply its own domestic law when deciding whether, and to what extent, to award attorney fees and costs."); *Shabotinsky v. Deutsche Lufthansa AG*, 245 F. Supp. 3d 1018, 1024-25 (N.D. Ill. Mar. 27, 2017) (acknowledging that Article 22(6) merely provides that the Convention does not *prevent* courts from awarding fees and costs).

Because the Convention does not create an independent basis on which attorney's fees may be awarded, domestic law governs whether the plaintiffs may seek attorney's fees. *Muoneke v. Compagnie Nationale Air France*, 330 F. App'x 457, 462 (5th Cir. 2009); *Dochak*, 2017 WL 2362570, at *2 (citing *Muoneke*, 330 F. App'x at 462). United States courts adhere to "the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC,* 135 S. Ct. 2158, 2164 (2015). In federal litigation, attorney's fees will not be awarded absent a statutory basis or enforceable contract between the parties. *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994). The plaintiffs argue that Article 11 of the Hague Protocol of 1958 creates a specific mechanism for awarding attorney's fees that applies in this case. The Hague Protocol of 1958 amended the Warsaw Convention of 1929, which was the predecessor to the Montreal Convention.

---

[4] In their response to the motion to dismiss, the plaintiffs argue that they "can recover all damages sustained" under the Supreme Court's ruling in *Zicherman v. Korean Air Lines Co., Ltd.*, 516 U.S. 217 (1996). Pls.' Resp. and Mem. in Opp'n to Mot. to Dismiss ("Pls.' Resp.") 8-10, ECF No. 20. *Zicherman* addressed an Article 17 claim (under the Warsaw Convention, before the Montreal Convention was in place) and held that domestic law determines what types of harm are legally cognizable under the Convention. 516 U.S. at 231. The Court ruled that the Death on the High Seas Act supplied the governing substantive law of damages in *Zicherman* because the death that occurred fell within the terms of that statute. *Id.* at 228-231. Here, however, the plaintiffs do not argue that a specific domestic law supports an argument that they are entitled to recover all damages sustained, regardless of whether the damages are economic in nature. Their reference to *Zicherman*, therefore, does not persuade the Court that non-economic damages are recoverable under Article 19.

*See Sompo Japan Ins., Inc.*, 522 F.3d at 780. The Montreal Convention, however, replaced the Warsaw Convention and its various amendments and supplementary agreements. *See id.; Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 371 n.4 (2d Cir. 2004) (the Montreal Convention is an "entirely new treaty that unifies and replaces the system of liability that derives from the Warsaw Convention"). Notwithstanding this fact, Article 11 of the Hague Protocol, which amended Article 22 of the Warsaw Convention, employed language identical to Article 22(6) of the Montreal Convention: "The limits prescribed in this article shall not prevent the court from awarding, in accordance with its own law, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff." Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air art. 11, Jun. 28, 1956, S. TREATY DOC. NO. 107-14. Therefore, like Article 22(6) of the Montreal Convention, Article 11 of the Hague Protocol does not supply a mechanism to award attorney's fees. *See In re Sept. 11 Litig.*, 500 F. Supp. 2d 356, 364 (S.D.N.Y. 2007) (holding that the Hague Protocol does not itself create a right to reimbursement of attorney's fees). Zubko and Deka do not cite to any other statutory basis or contract provision that permits the award of attorney's fees for their claims. Their Article 22 claims for attorney's fees, therefore, are dismissed.

      Aeroméxico also requests that the Court order the plaintiffs to file an amended complaint pursuant to Rule 12(e), which allows a party to move for a more definite statement of the pleading if the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). The air carrier argues that the complaint is "replete with references" to "unenforceable obligations imposed upon carriers under EU 261," which is a European Union regulation. Mem. in Supp. of Mot. to Dismiss and Mot. for a More Definite Statement 9, ECF No. 11. The plaintiffs do not oppose the defendant's Rule 12(e) request. Zubko and Deka concede that the remedies available under EU 261 are not applicable in this case and any references in the complaint to EU 261 and its obligations were "inadvertent clerical mistakes." Pls.' Resp. 13, ECF No. 20. They request leave to file an amended complaint. The Court therefore grants Aeroméxico's Rule 12(e) motion and gives the plaintiffs leave to file an amended complaint by August 27, 2018. The amended complaint must omit references to EU 261 and its requirements and must otherwise comply with the rulings of this order.

Date: August 6, 2018

John J. Tharp, Jr.
United States District Judge

5